D6RBSOTP                    Plea

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4             v.                        13 CR 074 (JPO)

5   KENNETH SOTO,

6             Defendant.

7   ------------------------------x

8                                       New York, N.Y.
                                        June 27, 2013
9                                       11:09 a.m.

10

11  Before:

12                    HON. J. PAUL OETKEN,

13                                      District Judge

14
                          APPEARANCES
15
    PREET BHARARA
16      United States Attorney for the
        Southern District of New York
17  KRISTY GREENBERG
        Assistant United States Attorney
18
    GEORGE A. FARKAS
19      Attorney for Defendant

20

21

22

23

24

25

D6RBSOTP                    Plea

1              (In open court)

2              THE DEPUTY CLERK:  Your Honor, this is in the matter

3    of *United States of America v. Kenneth Soto.*

4              Starting with the government, can I have counsel state

5    their appearance for the record, please.

6              MS. GREENBERG:  Kristy Greenberg for the government.

7    Good morning, your Honor.

8              THE COURT:  Good morning.

9              MR. FARKAS:  Good morning, your Honor.  George A.

10   Farkas for the defendant, Kenneth Soto.

11             THE COURT:  Good morning.  We're here for a plea in

12   this matter.

13             Mr. Soto, I've been informed you wish to plead guilty

14   to Count One of the indictment which charges you with worker's

15   compensation fraud.  Is that correct?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Okay.  Before accepting your plea, first I

18   want to confirm:  You speak and understand English.  Is that

19   right?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  I'm going to ask you certain questions so

22   that I can establish that you wish to plead guilty because you

23   are guilty and not for some other reason.  If you don't

24   understand any of my questions or if at any point you want a

25   chance to talk further with Mr. Farkas, please let me know.

D6RBSOTP                        Plea

1    Okay?

2             THE DEFENDANT:  Yes.

3             THE COURT:  Please place the defendant under oath.

4             (Defendant sworn)

5             THE COURT:  Mr. Soto, you're now under oath.  If you

6    answer any of my questions falsely, your answers could be used

7    against you in a prosecution for perjury.

8             Do you understand that?

9             THE DEFENDANT:  Yes, sir.

10            THE COURT:  Please state your full name.

11            THE DEFENDANT:  Kenneth Michael Soto.

12            THE COURT:  How old are you, Mr. Soto?

13            THE DEFENDANT:  Forty-four.

14            THE COURT:  How far did you go in school?

15            THE DEFENDANT:  Seventh.

16            THE COURT:  Seventh?

17            THE DEFENDANT:  Seventh grade.

18            THE COURT:  Seventh grade.  Okay.  Where was that?

19            THE DEFENDANT:  Junior High School 226.

20            THE COURT:  Here in New York?

21            THE DEFENDANT:  Yes.

22            THE COURT:  Have you ever been treated or hospitalized

23    for any mental illness?

24            THE DEFENDANT:  No, sir.

25            THE COURT:  And have you recently been or are you now

D6RBSOTP                    Plea

1   under the care of a psychiatrist or a doctor?

2            THE DEFENDANT:  No.

3            THE COURT:  Have you ever been hospitalized or treated

4   for addiction to drugs or alcohol?

5            THE DEFENDANT:  No.

6            THE COURT:  In the past 24 hours, have you taken any

7   pills or medicine or any alcoholic beverages?

8            THE DEFENDANT:  No.

9            THE COURT:  Is your mind clear today?

10            THE DEFENDANT:  Yes.

11            THE COURT:  Do you understand what's happening in this

12   proceeding?

13            THE DEFENDANT:  Yes.

14            THE COURT:  Does either counsel have any doubt as to

15   the defendant's competence to plead today?

16            MS. GREENBERG:  No, your Honor.

17            MR. FARKAS:  No, sir.

18            THE COURT:  Okay.  Based on his responses to my

19   questions and his demeanor today, I find the defendant is

20   competent to enter a plea of guilty at this time.

21            Mr. Soto, have you had a sufficient opportunity to

22   discuss your case with your attorney?

23            THE DEFENDANT:  Yes.

24            THE COURT:  Have you had a sufficient opportunity to

25   discuss the specific charge that you intend to plead guilty to,

D6RBSOTP                      Plea

1    any possible defenses to the charge, and the consequences to

2    pleading guilty?

3              THE DEFENDANT:  Yes.

4              THE COURT:  And are you satisfied with his

5    representation of you?

6              THE DEFENDANT:  Yes.

7              THE COURT:  I'm now going to explain certain

8    constitutional rights that you have.  I explain this because

9    these are rights that you give up when you plead guilty, so I

10   want to make sure you understand them.

11             Under the Constitution and laws of the United States,

12   you are entitled to a speedy and public trial by a jury on the

13   charge contained in the indictment.

14             Do you understand that?

15             THE DEFENDANT:  Yes.

16             THE COURT:  At that trial you would be presumed

17   innocent and the government would be required to prove you

18   guilty by competent evidence and beyond a reasonable doubt

19   before you could be found guilty.  You would not have to prove

20   that you're innocent.  A jury of 12 people would have to agree

21   unanimously that you're guilty.

22             Do you understand?

23             THE DEFENDANT:  Yes.

24             THE COURT:  At that trial and at every stage of your

25   case, you would be entitled to be represented by an attorney.

D6RBSOTP                    Plea

1    If you could not afford one, an attorney would be appointed to

2    represent you.

3              During a trial, the witnesses for the government would

4    have to come to court and testify in your presence and your

5    lawyer could cross-examine the witnesses for the government,

6    object to evidence offered by the government, and offer

7    evidence and compel witnesses to testify on your behalf.

8              Do you understand that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  At a trial, although you would have the

11   right to testify if you chose to, you would also have the right

12   not to testify and no inference or suggestion of guilt could be

13   drawn from the fact that you did not testify if that's what you

14   chose.

15             Do you understand that?

16             THE DEFENDANT:  Yes.

17             THE COURT:  If you were convicted at a trial, you

18   would also have the right to appeal that verdict.  Even at this

19   time, as you're entering this plea, you do have the right to

20   change your mind and plead not guilty and go to trial.

21             Do you understand that?

22             THE DEFENDANT:  Yes.

23             THE COURT:  If you do plead guilty and I accept your

24   plea today, you will give up your right to trial and the other

25   rights I've described.  There will be no trial, but I will

D6RBSOTP                    Plea

1    enter a judgment of guilty on the one count to which you would

2    plead guilty and then I'll sentence you later on the basis of

3    that guilty plea, but only after considering certain

4    submissions I receive from the probation department, from your

5    lawyer and from you, if you like, and from the government's

6    lawyer.

7              Do you understand that?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Okay.  And if you plead guilty, you will

10   also have to give up your right not to incriminate yourself

11   since I will ask you questions about what you did in order to

12   satisfy myself that you're guilty as charged.

13             You've received a copy of the indictment containing

14   the charge against you?

15             THE DEFENDANT:  Yes, I did.

16             THE COURT:  Okay.  And you've had a chance to read it

17   and discuss it with your attorney?

18             THE DEFENDANT:  Yes.

19             THE COURT:  I'll ask counsel for the government,

20   Ms. Greenberg, if you'd please proffer to me the elements that

21   the government would seek to prove if there were a trial in

22   this case.

23             MS. GREENBERG:  Yes, your Honor.  The first count

24   charges a violation of Section 920 of Title 18 of the United

25   States Code, and there are five elements of that crime:  First,

D6RBSOTP                      Plea

1    that the defendant made a statement or representation on or

2    about the date specified in the indictment; second, that the

3    statement or representation was material; third, that the

4    statement or representation was false, fictitious or

5    fraudulent; fourth, that the false, fictitious or fraudulent

6    statement was made knowingly and willingly; and, fifth, that

7    the statement or representation was made in an effort to

8    receive federal employee compensation.

9            THE COURT:  Thank you.

10           Those are the elements.  If there were a trial, I'd be

11   instructing a jury that those are the elements they must find,

12   each one beyond a reasonable doubt.

13           I also want to explain the maximum possible penalty

14   for this crime.  Under the statute, the maximum possible

15   penalty is five years' imprisonment, three years' supervised

16   release.  And supervised release means you're subject to

17   monitoring following any release from incarceration.  And there

18   are terms of supervised release, conditions that you must

19   comply with.  If you fail to comply with them, you can be

20   returned to prison without a jury trial.  Also, a maximum

21   fine of the greatest of $250,000 or twice the total monetary

22   gain from the offense or twice the total monetary loss to

23   others from the offense.  And there's a $100 mandatory

24   assessment.

25           In addition, as part of your plea agreement, you've

D6RBSOTP                    Plea

1    agree to restitution in an amount to be ordered by the Court.

2              There's a forfeiture count in the indictment.  Is that

3    right?  Is that part of the plea?

4              MS. GREENBERG:  There is a forfeiture allegation in

5    the indictment, yes.  And the defendant would have to admit to

6    the forfeiture allegation as well.

7              THE COURT:  All right.  So as part of the plea

8    agreement, you'd have to admit to the forfeiture allegation,

9    which means you would agree to forfeit to the United States a

10   sum of money representing proceeds traceable to the offense or

11   involved in the offense.

12             Do you understand that?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Are you a United States citizen?

15             THE DEFENDANT:  Yes, I am.

16             THE COURT:  Okay.  If your attorney or anyone has

17   attempted to predict what your sentence will be, I want to

18   explain to you that they could be wrong.  That's because

19   neither the government nor your attorney nor anyone else can

20   really predict what your sentence is going to be because I'm

21   the one who's going to decide on your sentence.  I'm not going

22   to do that now, but I'm going to wait until I receive what's

23   called a presentence report prepared by the probation

24   department and consider it and any variances or departures from

25   it before deciding on your sentence.

D6RBSOTP                    Plea

1              Do you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Even if your sentence is different from

4    what your attorney has said or different from what you expect,

5    you will still be bound by your guilty plea and will not be

6    allowed to withdraw that plea.

7              Do you understand that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Has anyone threatened you or forced you in

10   any way to plead guilty?

11             THE DEFENDANT:  No.

12             THE COURT:  Okay.  I understand there's been a plea

13   agreement entered into by the government.

14             Did you sign this plea agreement?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Okay.  And did you have a chance to read

17   it and discuss it with your attorney?

18             THE DEFENDANT:   Yes.

19             THE COURT:  Do you feel you understand what's

20   contained in the plea agreement?

21             THE DEFENDANT:  Yes, I do.

22             THE COURT:  Okay.  And is there anything that's been

23   left out of this agreement?

24             THE DEFENDANT:  No.

25             THE COURT:  Under this plea agreement, there's what's

D6RBSOTP                    Plea

1   called a stipulated guideline range of 6 to 12 months'

2   imprisonment.  This stipulation binds the government and you,

3   but not me, because I will be making my own independent

4   calculation of the sentencing guidelines.

5           Do you understand that?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Do you understand that under this

8   agreement, you're giving up your right to appeal or otherwise

9   challenge your sentence as long as I sentence you to 12 months

10  or less, the top of the range, in prison?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Okay.  Has anyone made a promise or done

13  anything other than what's in the plea agreement to cause you

14  to plead guilty?

15          THE DEFENDANT:  No.

16          THE COURT:  All right.  Now I'm going to ask if you

17  would please tell me in your own words, Mr. Soto, what you did

18  that makes you believe you're guilty of Count One of the

19  indictment.

20          THE DEFENDANT:  I signed the form stating that I

21  wasn't employed.

22          THE COURT:  That you were not employed.

23          THE DEFENDANT:  Right.

24          THE COURT:  And you were actually employed at the

25  time?

D6RBSOTP                    Plea

1              THE DEFENDANT:  Yes.

2              THE COURT:  Okay.  And did you receive money pursuant

3      to that?

4              THE DEFENDANT:  Yes.

5              THE COURT:  You received checks from the government?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Okay.  And approximately when was this?

8              THE DEFENDANT:  I believe around July.  I started

9      receiving compensation, I think, until August.

10             THE COURT:  Of 2010?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Okay.  And were you in New York?  Were you

13     in Manhattan or where was it?

14             THE DEFENDANT:  I'm sorry, Manhattan working or

15     living?

16             THE COURT:  When you signed the form, where were you?

17             THE DEFENDANT:  New Jersey.

18             THE COURT:  Okay.  Is there a venue issue?

19             MS. GREENBERG:  Your Honor, the applications that

20     Mr. Soto was filling out were then mailed to the Department of

21     Labor office in Manhattan.

22             THE COURT:  Okay.  And does counsel for the government

23     agree that there's a sufficient factual predicate for the

24     guilty plea?

25             MS. GREENBERG:  Your Honor, if the Court could simply

D6RBSOTP                     Plea

1    ask Mr. Soto if he made the false representations knowingly and

2    willfully, and also just to clarify that the forms he was

3    filling out were applications for federal compensation and that

4    he was filling those out in order to receive federal

5    compensation.

6              THE COURT:  Were they applications for federal

7    compensation?

8              THE DEFENDANT:  Yes.

9              THE COURT:  And you were filling them out to receive

10   federal compensation?

11             THE DEFENDANT:  Yes.

12             THE COURT:  All right.  And when you made the

13   statement on the form that you referred to, did you know that

14   it was false?

15             THE DEFENDANT:  Yes.

16             THE COURT:  And so you signed it knowingly and

17   willfully?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Okay.  Does defense counsel agree that

20   there's a sufficient factual predicate for the plea?

21             MR. FARKAS:  I do, your Honor.

22             THE COURT:  Okay.  And does defense counsel know of

23   any valid defense that would prevail at trial or any reason why

24   Mr. Soto should not be allowed to plead guilty?

25             MR. FARKAS:  No, sir.

D6RBSOTP                    Plea

1              THE COURT:  Thank you.

2              Okay.  Mr. Soto, since you acknowledge that you're in

3    fact guilty as charged in the indictment, and since I'm

4    satisfied that you know your rights, including your right to go

5    to trial, that you're aware of the consequences of your plea,

6    including the sentence which may be imposed, and since I find

7    that you voluntarily are pleading guilty, I accept your guilty

8    plea and I enter a judgment of guilty on Count One of the

9    indictment to which you pleaded guilty.

10             Now, turning to sentencing, I'm going to set a date

11   for sentencing in a few months.  Part of that process I

12   mentioned is the presentence report.  It's a document that the

13   probation department prepares with lots of information about

14   your history, your family, your background, and also about the

15   circumstances of this offense.

16             If, and when, you speak to the probation department

17   for an interview, please make sure anything you say is truthful

18   and accurate.  If you say something that's false, it could have

19   a negative effect at the time of sentencing.  And, also, it's

20   very important to me to get a full picture in the presentence

21   report of you before I decide on the sentence.  So if you see

22   any mistakes in the presentence report, please let Mr. Farkas

23   know so he can get that corrected.  Okay?

24             THE DEFENDANT:  Yes.

25             THE COURT:  In terms of timing for a sentencing date,

D6RBSOTP                    Plea

1   the defendant is on bail.  Is that right?

2           MS. GREENBERG:  Yes.

3           THE COURT:  And there's not going to be any objection

4   to continuing the current bail?

5           MS. GREENBERG:  No, your Honor.

6           THE COURT:  Okay, so pending sentence.

7           Would October 30th at 3 p.m. work for a sentencing

8   date?

9           MR. FARKAS:  Yes, that's fine, Judge.

10          MS. GREENBERG:  That's fine.

11          THE COURT:  Okay.  Sentencing is set for October 30th

12  at three o'clock p.m. in this courtroom.  Again, you'll be

13  getting a draft of the presentence report.  You'll have a

14  chance to take a look at it and correct any errors that need to

15  be made.  I'm going to set a date for the defendant's

16  submission, if any.  If you want to write anything, it will be

17  due October 16th, 2013, and then the government's submission

18  October 23rd, 2013.  That's two weeks before and then one week

19  before the sentencing date.

20          MR. FARKAS:  Your Honor, I'd just like to bring one

21  thing to your Honor's attention.  I had mentioned this to

22  Ms. Greenberg.  I am waiting for two documents from his union

23  that I believe will impact on mitigation in this case.  He has

24  had some resistance from his union.  Today I'm sending a letter

25  to the Director of Labor Relations in Washington to obtain

D6RBSOTP                    Plea

1    those documents.  If I see that there's a problem, I'm

2    thinking, first, that pretrial could get it through their

3    powers.  But if they fail, I'm going to apply to your Honor for

4    subpoenas.

5                THE COURT:  Okay.

6                MR. FARKAS:  I don't know which one is going to work

7    faster.

8                THE COURT:  Yes.  Whatever you need to do.

9                MR. FARKAS:  Okay.

10               THE COURT:  Go through whatever you need.  If you need

11   me to sign a subpoena, I'll do so.

12               MR. FARKAS:  Thank you.

13               THE COURT:  Again, the current bail status is

14   continued.  The current conditions of your release on bail will

15   continue to the date of sentencing, so please make sure you

16   continue to comply with any conditions of your bail.

17               THE DEFENDANT:  Yes.

18               THE COURT:  And you must be in this courtroom at the

19   time of sentencing that I've set.  It's a separate crime if you

20   fail to show up for sentencing known as bail jumping.  And I'm

21   sure you won't fail to show up, but just so you know, make sure

22   you show up on time for sentencing which is, again, October

23   30th at three o'clock p.m.

24               THE DEFENDANT:  Yes.

25               THE COURT:  Anything else?

D6RBSOTP                          Plea

1          MS. GREENBERG:  Nothing from the government.

2          MR. FARKAS:  No, your Honor.

3          THE COURT:  Okay.  Thank you very much.

4          MS. GREENBERG:  Thank you.

5          (Adjourned)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25